*750 OPINION.
Lansdon :
The petitioner claims that through its payment of the note in 1924 it sustained a loss in that year for which it was not compensated by insurance or otherwise. The record shows that in 1918, when the Lumber Co. went into liquidation, the petitioner voluntarily substituted itself in lieu of that company as debtor to the bank. It was known by the petitioner, at the time it gave the first note to the bank, that the Burns Lumber Co. was hopelessly insolvent and that by such act it had assumed a loss for which it had no prospect of recoupment. Later, in 1919, after final liquidation of the assets of the Lumber Co., when the payment of $3,137.58 was made on this account to the bank, the full amount of the petitioner’s loss was determined. De Loss v. Commissioner of Internal Revenue, 28 Fed. (2d) 803; North Star Granite Corporation, 21 B. T. A. 222. The fact that through the giving of other notes the petitioner was enabled to defer payment in cash of its obligation to the bank in no way changed its status as the loser, or mitigated its loss. Laurence D. Miller, 7 B. T. A. 581.
Even if we should hold that the payment of this note by the petitioner in 1924 was a loss to it deductible from its income for that year, we would be unable to find that it sustained a net loss in such income, since there is nothing in the record to show what its gross income for that year was, and we can not assume that it operated at a loss. Neither does it appear that the alleged loss was incurred in, or in any way connected with, the operation of petitioner’s trade or business, witjiin section 206 (a) of the Act of 1924. The determination of the respondent is, therefore, approved. Harrisburg Hospital, Inc., 15 B. T. A. 1014; Robert T. Cunningham Appeal, 20 B. T. A. 428.

Decision will be entered for the respondent.